UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARLEEN AHERN

v.   Case No. 3:01CV 2313 (DJS) (TPS)

TRANSUNION LLC   September 19, 2003

## PLAINTIFF'S MOTION FOR RULE 11 ORDERS

Plaintiff moves for orders under Fed. R. Civ. P. 11 on the basis that defendant's Amended Answer (Doc. No. 95) denies or equivocates about allegations that it has repeatedly stipulated or admitted are true. Doc. Nos. 86, 100 (Stipulation of Uncontested Facts). Defendant's Answer should have admitted the allegations of ¶¶ 4, 6, 9, 11, 12, 13, 14, 15, 16, 17, 19, 26-29, 33, 34, 35, 37, 39-42. Moreover, defendant iterated its Affirmative Defenses in the same Doc. No. 95, contrary to the Court's Joint Trial Memorandum Order, paragraph 10(b)(2), ordering that such defenses are waived by failure to submit jury instructions. Plaintiff requests such monetary sanctions and preclusion of defendant's claims and testimony as the Court deems sufficient to deter repetition of such conduct.

THE PLAINTIFF

BY_____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511
(203) 772-0395
j.faulkner@snet.net

2

      This is to certify that the foregoing was mailed on September 18, 2003, and October 24, 2003 postage prepaid, to:

Bruce Luckman
Satzberg, Trichon, Kogan & Wertheimer, P.C.
1818 Market St  30th floor
Philadelphia PA 19103-3699

                                                   _____
                                                   Joanne S. Faulkner

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARLEEN AHERN

v.  Case No. 3:01CV 2313 (DJS) (TPS)

TRANSUNION LLC  October 27, 2003

MEMORANDUM IN SUPPORT OF MOTION FOR RULE 11 ORDERS

Plaintiff obtained permission to file an amended complaint, in part because "Discovery has elicited facts unknown to the plaintiff, many of which defendant does not dispute. Since the matter will be tried based on those facts, judicial and trial economy would be promoted by allowing an amended complaint and mandating defendant to respond thereto." Doc. No. 85. Rather than admitting what it has repeatedly stipulated to (Doc. Nos. 86, 100) and eliminating unsupported defenses per the Court's Joint Trial Mem. Order, defendant's Answer reverts to the pre-stipulation status. In view of the defendant's stipulations and discovery responses, the subsections of Rule 11(b) preclude any argument that there is any evidentiary support for its Amended Answer. Appropriate Rule 11 orders to deter the conduct are in order.

Fed. R. Civ. P. 8(b) mandates that responses meet the substance of the averment, or be appropriately qualified. Further, Rule 8 reminds litigants of their obligations under Rule 11 to plead only that which is in "the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the

circumstances" and that denials must be "warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief."

Denying the truth of a matter which is necessarily within the knowledge of the defendant is a sham, and should be treated as an admission. <u>Harvey Aluminum (Inc.) v. NLRB</u>, 335 F.2d 749, 758 & n.33 (9th Cir. 1964); <u>American Photocopy Equip. Co. v. Rovico</u>, 359 F.2d 745, 747 (7th Cir. 1966); <u>State Farm Mutual Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

The Amended Complaint is Doc. No. 91, the Answer is Doc. No. 95, and the stipulations appear in Doc. Nos. 86, 100. These are set forth below.

ALLEGATIONS OF ANSWER WHICH CONTRAVENE RULES OF PLEADING:

4.      Plaintiff is a consumer within the meaning of the FCRA. § 1681 a(c). The defendant TransUnion LLC is a consumer reporting agency within the meaning of the Fair Credit Reporting Act, § 1681 a(f), and a credit rating agency within the meaning of the CCRA.

> Denies the allegations, excepts admits TransUnion is a consumer reporting agency as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA").

Stip: 1.    Plaintiff is a consumer within the meaning of the FCRA. § 1681 a(c).

6.      On July 19, 2000, at plaintiff's request, Trans Union furnished plaintiff a free copy of her credit file ("disclosure") because Ms. Ahern stated that person who used her info is now in jail for the second time and is requesting a copy of the credit report to dispute fraud accounts. Copy of Trans Union record attached.

> Denies the allegation, except admits on July 19, 2000 Trans Union furnished plaintiff with a complimentary copy of her report because she stated she was a fraud victim.

Stip: 3.    On July 19, 2000, at plaintiff's request, Trans Union furnished plaintiff a free copy of her credit file ("disclosure") because Ms. Ahern stated that person who used her info is now in jail for the second time and Ms. Ahern requested a copy of the credit report to dispute fraud accounts.

2

9.      Trans Union received a letter from Joanne S. Faulkner, Esq., dated October 20, 2002, which was received at Trans Union's consumer relations office in Crum Lynne, PA on October 19, 2002, and mailed to FVAD, which received it on October 24, 2002. A copy of the letter is attached.

>   Denies the allegations. The dates are all wrong.
>   [No response as to document]

Stip: 6. Trans Union received a letter from Joanne S. Faulkner, Esq., dated October 20, 2001, which was received at Trans Union's consumer relations office in Crum Lynne, PA on October 19, 2001, and mailed it to FVAD, which received it on October 24, 2001.

11.     On October 29, 2001, Nadia Reynaga, Consumer Contact Representative, operator no. C7191 pulled internal disclosures for reinvestigation. Ms. Reynaga is still employed with Trans Union in Fullerton, CA. A copy of select portions of the disclosures is attached.

>   Denies the allegation, except admits solely that On October 29,200 1, Nadia Reynaga,
>   Consumer Contact Representative, pulled internal disclosures for reinvestigation.
>   Trans Union further admits that the annexed documents appear to be accurate copies of
>   the Trans Union materials.

Stip: 7. On October 29, 2001, Nadia Reynaga, Consumer Contact Representative, operator no. C7191 pulled internal disclosures for reinvestigation.
>TU Supp. response to Int. 5 dated May 30, 2002, states that she is still employed.

12.     The internal copy of plaintiff's credit information included a statement: FRAUD VICTIM; DO NOT EXTEND CREDIT WITHOUT FIRST CONTACTING ME PERSONALLY AND VERIFYING ALL APPLICANT INFORMATION . . . CONSUMER DISPUTES ALL INQUIRIES; STATES THEY ARE FRAUD INQUIRIES.

>   12. Trans Union admits that the annexed documents contain, in part, the quoted language.

Stip: 8.   The internal copy of plaintiff's credit information included a statement: FRAUD VICTIM; DO NOT EXTEND CREDIT WITHOUT FIRST CONTACTING ME PERSONALLY AND VERIFYING ALL APPLICANT INFORMATION . . . CONSUMER DISPUTES ALL INQUIRIES; STATES THEY ARE FRAUD INQUIRIES.

13.     The internal copy of plaintiff's credit report also included a special message: CONSUMER STATEMENT ON FILE RELATES TO TRUE NAME FRAUD OR CREDIT FRAUD.

>    13. Trans Union admits that the annexed documents contain, in part, the quoted language.

Stip: 9.    The internal copy of plaintiff's credit report also included a special message: CONSUMER STATEMENT ON FILE RELATES TO TRUE NAME FRAUD OR CREDIT FRAUD.

14.     On November 9, 2001, Sarah Maestrejuan, Consumer Contact Representative, operator no. C4082, reviewed the October 19, 2001 letter and the October 29, 2001 internal disclosures. Ms. Maestrejuan wrote the comments which appear on the disclosures at that time, except for the comments relating to the Zale account. The comment "PC" on the disclosure is 'per consumer'; these accounts were deleted without a reverification. Ms. Maestrejuan is still employed with Trans Union in Fullerton, CA.

>    Denies the allegation, except admits solely that On November 9, 2001, Sarah Maestrejuan, Consumer Contact Representative, participated in the reinvestigation of plaintiff's dispute and wrote certain comments on the internal disclosures at that time.

Stip: 10. On November 9, 2001, Sarah Maestrejuan, Consumer Contact Representative, operator no. C4082, reviewed the October 19, 2001 letter and the October 29, 2001 internal disclosures. Ms. Maestrejuan wrote the comments which appear on the disclosures at that time, except for the comments relating to the Zale account. The comment "PC" on the disclosure is 'per consumer'.
>TU Supp. response to Int. 5 dated May 30, 2002, states that she is still employed.

15.     The internal copy of plaintiff's credit file included information that the Zale account had been opened in 08/1999, and had been charged off and closed in 08/2000

>    Trans Union admits that the annexed documents contain, in part, the quoted language.

Stip: 11. As of October 29, 2001, the most recent information furnished by Zale OUT/HSB to  Trans Union was that the Zale account had been opened in 08/1999, and had been charged off and closed in 08/2000

16.     Trans Union did not provide a copy of plaintiff's dispute letter of October 20, 2001 to the furnisher of the Zale tradeline.

>    Denies the allegation because Trans Union's notice of the dispute to Zale/Hurley State Bank duly included the information contained in the letter in compliance with the FCRA.

4

[unresponsive to allegation "provide a copy" and contrary to stip 12, 13 that only telephone verification was done]

17.     On November 9, 2001, the letter and disclosures were given to Mark Clemente, Verifier, operator no. C4488. Mr. Clemente was assigned to call Zale Outlet/Hurley State Bank (800) 767-9103. Mr. Clemente wrote the information shown on a telephone verification form. Mr. Clemente is still employed with TransUnion in Fullerton, CA.

>     Denies the allegation, except admits solely that On November 9, 2001, Mark Clemente, Verifier, participated in the reinvestigation of plaintiff's dispute and wrote certain comments on the Telephone Verification form attached to plaintiff's First Amended Complaint.

Stip: 12. On November 9, 2001, the letter and disclosures were given to Mark Clemente, Verifier, operator no. C4488. Mr. Clemente called Zale Outlet/Hurley State Bank (800) 767-9103 and spoke to Sheila. Mr. Clemente wrote the information shown on a telephone verification.
>TU Supp. response to Int. 5 dated May 30, 2002, states that he is still employed.

19.     Trans Union LLC did not obtain documentation from Zale Corporation such as the actual signed sales slips which do not contain plaintiff's signature.

>     Denies failing to reinvestigate Plaintiff's dispute in violation of the FCRA or other law and further denies knowledge sufficient with respect to the existence or content of the sales slips.

[unresponsive to allegation and contrary to stip 12, 13 that only telephone verification was done]

26.     Trans Union did not provide a copy of plaintiff's dispute letter to ANBCC [Associates National Bank], Capital 1 Bank. or FUNB Recovery [First Union National Bank]

>     Denies failing to duly reinvestigate Plaintiff's dispute in violation of the FCRA or other law.

[unresponsive to allegation and contrary to stip 12, 13 that only Zale telephone verification was done]

5

27.     Trans Union did not send a Consumer Dispute Verification form to ANBCC [Associates National Bank], Capital 1 Bank. or FUNB Recovery [First Union National Bank].

>    Denies failing to duly reinvestigate Plaintiff's dispute in violation of the FCRA or other law.

[unresponsive to allegation and contrary to stip 12, 13 that only Zale telephone verification was done]

28.     Trans Union did not send an Automated Consumer Dispute Verification form to ANBCC [Associates National Bank], Capital 1 Bank or FUNB Recovery [First Union National Bank]

>    Denies failing to duly reinvestigate Plaintiff's dispute in violation of the FCRA or other law.

[unresponsive to allegation and contrary to stip 12, 13 that only Zale telephone verification was done]

29.     In connection with its October, 2001 investigation of plaintiff's disputes, Trans Union intentionally did not try to contact ANBCC [Associates National Bank], Capital 1 Bank. or FUNB Recovery [First Union National Bank]

>    Denies the allegation

[unresponsive to allegation and contrary to stip 12, 13 that only Zale telephone verification was done]

33.     TransUnion provided information from plaintiff's credit file to entities such as Cendant and Capital One even though none had a permissible purpose.

>    Denies knowledge sufficient to admit or deny the allegation, except denies furnishing plaintiff's report in violation of the FCRA or any other law, or causing plaintiff any harm for which she is entitled to relief.

[unresponsive to allegation and within knowledge of defendant]

34.     TransUnion LLC provided to plaintiff a credit report on Carline Coleman dated November 9, 2001 which included plaintiff's social security number as identifying information for Carline Coleman.

6

> Denies violating the FCRA in connection with such allegations, except admits solely that the annexed document was sent to plaintiff and contains, in part, the cited information.

[unresponsive to allegation]

35.     Trans Union's procedure is to "cloak" the accounts rather than delete them.

> Trans Union denies plaintiff's characterization of Trans Union's procedures.

Stip: 14.  Thereafter, on November 9, 2001, Trans Union determined that the Zale account (tradeline) should remain on plaintiff's credit file, and that the tradelines for Capital 1 Bank and ANBCC should be cloaked.
15.     On November 9, 2001, Trans Union determined that the FUNB Recovery tradeline should be cloaked on plaintiff's credit file.
16.     On November 9, 2001, Trans Union mailed plaintiff a copy of her report.
17.     Trans Union informed Ms. Ahern that the tradelines for ANBCC, Capital 1 Bank and FUNB were deleted and that the Zale account was not deleted.

37.     Trans Union furnished information from plaintiff's credit file, including her credit score, to third parties on nine occasions in and after December 11, 1999.

> Denies knowledge or information sufficient to admit or deny the allegation, except avers that the allegation is inconsistent with plaintiff's previous allegations and discovery responses.

[unresponsive to allegation and within knowledge of defendant]

39.     Trans Union receives more than 100,000 written fraud disputes per year.

> Denies knowledge or information sufficient to admit or deny because the allegation is not sufficiently precise.

[unresponsive to allegation and within knowledge of defendant]

40.     Trans Union receives oral and written fraud disputes at the rate of 800-1000 per day.

> Denies knowledge or information sufficient to admit or deny because the allegation is not sufficiently precise.

[unresponsive to allegation and within knowledge of defendant]

7

41.     Trans Union has 20 people working as investigators in its Fraud Victim Assistance Department.

>   Denies knowledge or information sufficient to admit or deny because the allegation is not sufficiently precise.

[unresponsive to allegation and within knowledge of defendant]

42. On January 19, 2000, Ms Coleman was arrested for various counts of larceny, forgery, and criminal impersonation. Plaintiff understands Ms. Coleman has been sentenced and is incarcerated.

>   Denies knowledge or information sufficient to admit or deny because the allegation and further denies any knowledge respecting plaintiff's understanding.

Defendant has the certified copy of the Trooper's report; the arrest is a matter of public record and cannot be denied.

ALLEGATIONS OF AFFIRMATIVE DEFENSES WHICH ARE UNSUPPORTED

FIRST AFFIRMATIVE DEFENSE
The complaint fails to state a claim for which relief may be granted.
SECOND AFFIRMATIVE DEFENSE
Defendant TransUnion has, at all material times with respect to plaintiff, acted in good faith and complied fully with the FCRA and relevant state laws.
THIRD AFFIRMATIVE DEFENSE
Based upon the averments upon which Plaintiff's claim is made, defendant TransUnion is immune from suit under the FCRA.
FOURTH AFFIRMATIVE DEFENSE
Any harm suffered by Plaintiff was not caused by any act or omission of defendant Trans Union.
 FIFTH AFFIRMATIVE DEFENSE
Any harm suffered by Plaintiff was caused by Plaintiffs own conduct or the conduct of third parties over which TransUnion has no control or authority.
SIXTH AFFIRMATIVE DEFENSE
With respect to Plaintiff, TransUnion's conduct and the alleged communications were entirely privileged and/or true.
SEVENTH AFFIRMATIVE DEFENSE
Plaintiffs claims are barred by the doctrines of laches, unclean hands, waiver and estoppel.

EIGHTH AFFIRMATIVE DEFENSE

The claims contained in the complaint, which seek to recover punitive damages, violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America.

NINTH AFFIRMATIVE DEFENSE Plaintiffs claims are barred by the applicable statutes of limitations

## CONCLUSION

Plaintiff's motion should be granted.

THE PLAINTIFF


BY_____
JOANNE S. FAULKNER ct04137
 123 Avon Street
 New Haven, CT 06511-2422
 (203) 772-0395
 j.faulkner@snet.net


This is to certify that the foregoing was mailed on October 24, 2003 postage prepaid, to:

Bruce Luckman
Satzberg, Trichon, Kogan & Wertheimer, P.C.
1818 Market St  30th floor
Philadelphia PA 19103-3699

_____
Joanne S. Faulkner

9