**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**CARLEEN AHERN**

     **v.**

**TRANS UNION LLC**
**ZALE CORPORATION**

**3:01cv02313 (RNC)**

**Dated:  September 7, 2004**

**PROPOSED JURY INSTRUCTIONS**
**OF DEFENDANT TRANS UNION LLC**

BRUCE S. LUCKMAN (CT# 10830)

Of Counsel:
MARK E. KOGAN
TIMOTHY P. CREECH
SATZBERG, TRICHON,
  KOGAN & WERTHEIMER, P.C.
1818 Market Street, 30th Floor
Philadelphia, PA  19103
(215)  575-7600/Fax: (215)  575-7688


Attorneys for Defendant
Trans Union, LLC

## DESCRIPTION OF TRANS UNION'S DEFENSES

Trans Union LLC ("Trans Union") is a consumer reporting agency which maintains a database of credit information respecting individuals throughout the United States.   Trans Union receives information from its customers (such as Zale) via automated tapes in the "METRO" format, a  standard used by the three national consumer reporting agencies and the credit grantor industry.   The Fair Credit Reporting Act (the "Act"), provides that whenever Trans Union prepares a "consumer report," it shall maintain reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom the consumer report relates.

"It is the purpose of [the Act] to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of" [the Act].  (§1681.  Findings and Purpose.)

Every consumer is entitled to disclosure of her file from Trans Union, and to dispute the accuracy of information.  Trans Union is then obliged to investigate the dispute and to delete any information the accuracy of which cannot be verified, §1681i.

The Act provides that a consumer reporting agency which is negligent in failing to comply with a requirement of the Act with respect to a consumer is liable to that consumer for damages.  However, the Act is not a strict liability statute.  That means that Trans Union is not automatically liable solely because inaccurate information appears in a person's consumer report. Instead, Trans Union is liable only in the event it negligently failed to maintain reasonable procedures and, as a result of such failure, inaccurate information was included in a consumer report furnished in connection with the determination of a person's eligibility for credit and such credit was denied as a result of the inaccurate information.

This FCRA action arises out of plaintiff's dispute over a Zale account which was included in Trans Union's file disclosure to plaintiff. Trans Union's defense in this case is that it does maintain reasonable procedures to assure maximum possible accuracy. These procedures include computer systems which coordinate or match credit history information obtained from credit grantors, collection firms and courts with the appropriate consumer which the information concerns. Trans Union states that after a criminal used Ms. Ahern's social security number to obtain the Zale account, for which the criminal did not pay, Zale later reported the account to Trans Union under plaintiff's social security number. Despite computer procedures and systems which Trans Union submits are reasonable and designed to comply with the Act and the needs of commerce, the account and the criminal's name and address were temporarily "matched" to Ms. Ahern's Trans Union file. Trans Union disclosed this fact to Ms. Ahern.

Further, after plaintiff disputed the information, Trans Union says it verified that Zale was reporting Ms. Ahern's social security number with the account and that there had been no complaints to Zale about a fraud.

Trans Union submits that plaintiff was not harmed by the inclusion of the account or any other disputed information because that information was not viewed by a potential credit grantor or anyone other than plaintiff after she conveyed her dispute about the information to Trans Union. Further, Trans Union submits that plaintiff's claimed emotional distress was not caused by Trans Union. *[Trans Union respectfully reserves the right to supplement and/or modify the foregoing and its proposed jury charge based upon the evidence and the Court's disposition of Trans Union's Anticipated Evidentiary Problems (A) - (D).]*

**Plaintiff's Objection:** The proposal misstates the law and the facts, and improperly asks the Court to provide and/ or marshal the facts and defendant's arguments for the jury. For instance, at ¶ 4, TU claims it is liable "only" if it negligently failed to maintain reasonable procedures. Here, TU's actions rise to the level of intentional disregard. As another example, TU's ¶ 5 says the action arises out of the Zale dispute. In fact, the action arises out of improperly handling the entire file after knowledge of fraud and out of improperly handling other disputes as well. In the same paragraph, TU claims it discloses some fact to plaintiff but we don't know that was. ¶ 7

says that plaintiff's information was not viewed by a potential credit grantor. The facts will show otherwise; moreover, the <u>Casella</u> standard is not whether the information was viewed by a potential credit grantor, but whether TU provided the information to any third party.

Throughout its proposal, Defendant's instructions improperly mix instruction as to liability with instruction as to damages.

As to all instructions, Plaintiff has provided alternative

instructions based on those recently used by this Court in <u>Brown</u>

<u>v. Experian</u>.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CARLEEN AHERN

     v.

TRANS UNION LLC
ZALE CORPORATION

3:01cv02313 (RNC)

D-1    <u>Applicability for the Fair Credit Reporting Act, (the "Act")</u>
       15 U.S.C. §1681 <u>et</u> <u>seq</u>.

For the purpose of this case:

(i)      Plaintiff, Carleen Ahern, is a "person" and a "consumer" under the Act. §1681a(c)

(ii)     Defendant, Trans Union LLC, is a "consumer reporting agency," under the Act, which regularly engages in the business of assembling consumer credit information on consumers. §1681a(f)

(iii)    A "file disclosure" is the information which, upon request,  a consumer reporting agency is required to disclose to a consumer constituting the nature and substance of all information in the agency's files on the consumer. (§1681a(g) and §1681g)

(iv)    A "consumer report" is a communication of information by a consumer reporting agency which serves "as a factor in establishing the consumer's eligibility for credit." §1681a(d).

(v)     No "consumer reports" as defined in the Act exist in this case; the reports admitted into evidence are "file disclosures" sent to plaintiff by Trans Union, not communications to credit grantors, other persons or third parties.

**(Source: 15 U.S.C. §1681(a) <u>Definitions; Rules of Construction</u>, (b), (c) (f) and (g)).**

1

**Plaintiff's objection:** Part (v) is misleading. Consumer reports were issued in this case, and the fact that they were issued is significant, even though Trans Union did not keep them or produce them in discovery.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CARLEEN AHERN

v.                                              3:01cv02313 (RNC)

TRANS UNION LLC
ZALE CORPORATION

D-2    The Elements Of a Cause of Action Under
       The Act. (§1681e(b)(Reasonable Procedures)

Plaintiff claims that she was injured as a result of Trans Union's negligence in furnishing credit information about plaintiff.

In order to establish a cause of action against Trans Union under the Act, plaintiff must prove four elements:

(1)    Trans Union reported false or inaccurate information about plaintiff.

(a)    Plaintiff has the initial burden of proving that Trans Union reported inaccurate information about her.  If she fails to satisfy this initial burden, she has failed to establish the violation of the Act which she has alleged and you must find against her.  If plaintiff proves an inaccuracy was reported, then she must also prove that:

(2)    Trans Union was negligent in that it failed to follow reasonable procedures to assure maximum possible accuracy of information about plaintiff.

(a)    Plaintiff bears the burden of proving lack of reasonableness in Trans Union's procedures.

(b)    The standard for measuring Trans Union's actions is "what a reasonably

3

prudent person would do under the circumstances."  To evaluate the reasonableness of Trans Union's procedures you should balance the potential harm for inaccuracy against the burden on Trans Union of safeguarding against the inaccuracy.

        (c)     The Act, however, does not make Trans Union strictly, or automatically, liable for generating a report merely because it contains an inaccuracy.  You must find in favor of Trans Union if plaintiff does not prove that Trans Union failed to follow reasonable procedures, or if Trans Union established that an inaccurate report was generated by following reasonable procedures.

       3.     Plaintiff was injured <u>and</u> Trans Union's negligence in reporting inaccurate information was the proximate cause of such injury.

        (a)     Plaintiff is not entitled to damages unless she proves that **she** was denied credit by a credit grantor or otherwise damaged <u>and</u> that the denial or damage was caused by the inaccurate entry rather than by correct adverse entries or any other factors.  The term "proximate cause" in these instructions means that there must be a connection between the conduct of Trans Union and the injury complained of by plaintiff, and that the act which is claimed to have produced the injury was the natural and probable result of Trans Union's conduct.

(Sources: <u>**Casella vs. Equifax Systems**</u>**, 56 F. 3rd 469, 474 (2nd Cir. 1995),** <u>**cert**</u>**. denied 116 S.Ct. 1452, 134 L.Ed.2d 571 (1996);  ** <u>**Washington v. CSC Credit Services, Inc.**</u>**,199 F.3d 263 at FN3 (5th Cir. 2000);** <u>**Cahlin v. General Motors Acceptance Corporation**</u>**, 936 F.2d 1151 (11th Cir. 1991);** <u>**Ladner vs. Equifax**</u>**, 828 F.Supp. 427, 432 (S.D.Miss. 1993),**<u>**Morris v. Credit Bureau of Cincinnati, Inc.**</u>**, 563 F. Supp. 962 (S.D. Ohio 1983);** <u>**Black's Law Dictionary**</u>** 1225 (6th ed. 1990).**

**Plaintiff's objection:** The instruction is misleading because plaintiff claims that defendant's reporting of inaccurate information after being put on notice rises to the level of an intentional violation as well. E.g. <u>Dalton v. Capital Associated Industries, Inc.</u>, 257 F.3d 409, 418 (4th Cir. 2001). The instruction is misleading because it misstates the <u>Casella</u> standard: proof of denial is not a precondition to damages.

Part 2 (a) is also an inaccurate statement of the law, as the requirement is not merely "reasonableness", but rather what is reasonable to accomplish the requirement of "maximum

possible accuracy." Defendant ignores the most critical component of the statute.     Part ( c) is redundant with and unnecessarily repeats and overemphasizes Trans Union's argument and defense.  It is not a statement of the law, but rather a conclusion Trans Union may more properly argue to the jury in closing.  Part 3 is inaccurate in its inclusion of the phrase "rather than by correct adverse entries or any other factors."  The Plaintiff is entitled to recover all damages which were caused by the unlawful conduct of the Defendant. There were no correct adverse entries and no factors may be considered other than defendant's own conduct.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CARLEEN AHERN

v.                                              3:01cv02313 (RNC)

TRANS UNION LLC
ZALE CORPORATION

D-3  Reasonableness of Reporting.

If a consumer reporting agency transcribes, store and communicates consumer information received from a source that it reasonably believes to be reputable, and which is credible on its face, then that consumer reporting agency does not violate §1681e(b) simply by reporting an item that turns out to be inaccurate.  The section does not require error free consumer reports.   This section does not hold a consumer reporting agency responsible where an item of information that it receives from a source that it reasonably believes to be reputable appears credible on its face, and is transcribed, stored and communicated as provided by that source.

> Henson v. CSC Credit Services,  29 F.3d 280, 286, (7th Cir. 1994) Pinner vs. Schmidt, 805 F.2d 1258, 1262 (5th Cir. 1986), rehearing denied, 812 F.2d 1405, cert denied 107 S.Ct. 3267, 3276, 97 L.Ed.2d 766, 780; Federal Trade Commission Commentary on the FCRA, 16 C.F.R. Part 600, Appendix 607(3)(A).

**Plaintiff's objection:** The instruction is not appropriate where, as here, defendant was on notice, including from two fraud alerts, that information may be unreliable. E.g. Dalton v. Capital Associated Industries, Inc., 257 F.3d 409, 418 (4th Cir. 2001). This instruction is redundant with and unnecessarily repeats and overemphasizes Trans Union's argument and defense.  It is not a statement of the law, but rather a conclusion Trans Union may more properly argue to the jury in

1

closing.   The instruction also misstates the defendant's obligations under the Act.   Trans Union violates the law when it blindly accepts and merely "parrots" the reporting of its customers, the "furnishers." <u>Cushman v. Trans Union Corp.</u>, 115 F.3d 220, 224-26 (3rd Cir. 1997); Compare <u>Johnson v. MBNA,</u> 357 F.3d 426, 431 (4th Cir. 2004)

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CARLEEN AHERN

     v.

TRANS UNION LLC
ZALE CORPORATION

3:01cv02313 (RNC)

D-4  <u>Binding Instruction</u>-<u>Reporting Requirements</u>.

     I instruct you that Trans Union is entitled as a matter of law to rely upon the accuracy of

the information reported to Trans Union by Zale.

     <u>Henson v. CSC Credit Services</u>,  29 F.3d 280, 286, (7th Cir. 1994) <u>Pinner vs.
Schmidt</u>, 805 F.2d 1258, 1262 (5th Cir. 1986), rehearing denied, 812 F.2d 1405,
<u>cert</u> <u>denied</u> 107 S.Ct. 3267, 3276, 97 L.Ed.2d 766, 780; FTC Guidelines
implementing §1681e(b), 16 C.F.R. Part 600, 391.

**Plaintiff's objection:** The instruction is not appropriate where, as here, defendant was on notice,
including from two fraud alerts, that information may be unreliable. E.g. <u>Dalton v. Capital
Associated Industries, Inc</u>., 257 F.3d 409, 418 (4th Cir. 2001). The instruction also misstates the
defendant's obligations under the Act.   Trans Union violates the law when it blindly accepts and
merely "parrots" the reporting of its customers, the "furnishers." <u>Cushman v. Trans Union Corp</u>.,
115 F.3d 220, 224-26 (3rd Cir. 1997); Compare <u>Johnson v. MBNA,</u> 357 F.3d 426, 431 (4th Cir.
2004)

**UNITED STATES DISTRICT COURT**
                    **DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CARLEEN AHERN | |
|      v. | 3:01cv02313 (RNC) |
| TRANS UNION LLC<br>ZALE CORPORATION | |

D-5   <u>DAMAGES - VIOLATION OF THE ACT</u>. --Compensatory Damages for Non-compliance.

     If your verdict is for plaintiff on her claim on non-compliance with the Fair Credit Reporting Act, then your duty is to determine the amount of money which reasonably, fairly and adequately compensates her for the damages which you decide resulted from Trans Union's failure to comply.

     You should not interpret the fact that I have given instructions about plaintiff's damages as an indication in any way that I believe that plaintiff should, or should not, win the case. It is your task to decide whether Trans Union is liable. I am instructing you on damages only so that you will have guidance in the event you decided that Trans Union is liable and that plaintiff is entitled to recover money from Trans Union.

     Which, if any, elements of damage have been proven by plaintiff is for you to decide, based upon evidence and not based upon speculation because it is only actual damages -- what the law calls compensatory damages -- that are recoverable. I remind you that you may award compensatory damages only for injuries that plaintiff proves were proximately caused by Trans Union's allegedly wrongful conduct. You should not award compensatory damages for speculative injuries, but only those injuries that plaintiff has actually suffered. That is, plaintiff

is not entitled to recover damages associated with credit for which she did not apply.

The amount of money, if any, to be awarded for certain of these elements of damages, such as mental anguish, cannot be proved in a precise dollar amount. The law leaves such amounts to your sound judgment, although any award must be based on the evidence and not speculation.

Damages for humiliation and mental distress will not be presumed to have occurred. Plaintiff must prove that they have occurred. And emotional distress damages cannot be recovered for things which plaintiff suspected, but which did not occur; the disclosure of harmful information might (but does not automatically) create liability, not the risk of such disclosure. The denial of credit is not compensable, only damages resulting from such denial. The risk that an application might be denied is not compensable.

Plaintiff must prove by a preponderance of the evidence that any damages incurred were caused by acts or omissions of Trans Union which were not in compliance with the Act. Even if you find that plaintiff was damaged, if you find that the damage was caused by acts or omissions by Trans Union that did not violate the Act, you must find for Trans Union. Further, if you find that plaintiff suffered damages as a result of the inaccuracies in her file, but that the appearance of the inaccuracy was not caused by Trans Union's negligence, meaning acts or omissions of Trans Union that were in violation of the Act, then you must find for Trans Union.

The term "proximate cause" in these instructions means that there must be a connection between the conduct of Trans Union and the injury complained of by plaintiff, and that the act which is claimed to have produced the injury was the natural and probable result of Trans Union's conduct.

**Casella v. Equifax Credit Reporting Services**, 56 F.3d 469, 474 (2nd Cir. **1995),** *cert denied* 116 S.Ct. 1452, 134 L.Ed.2d 571 (1996); **McMillan v. Experian**, 170 F.Supp.2d 278, 284-5 (D.Conn. 2001); **Whelan v. Trans Union**

**Credit Reporting Agency**, 826 F.Supp. 824, 830 (E.D.N.Y. 1994)  15 U.S.C. §1681o; L. Sand, 3 Modern Federal Jury Instructions §77.01. Instruction 77-3 (1993);  Devitt, Blackmar & Wolff, 3 Federal Jury  Practice and Instructions §92.07 (1987); <u>Washington v. CSC</u>, 199 F.3d 263 (5th Cir. 2000)

**Plaintiff's objection:** The instruction is misleading because it misstates the <u>Casella</u> standard: proof of denial is not a precondition to damages. Defendant's instructions improperly mix instruction as to liability with instruction as to damages.  This will confuse the jury and overemphasize Trans Union's defenses, more appropriately to be left for closing argument.


As to all instructions, Plaintiff has provided alternative

instructions based on those recently used by this Court in <u>Brown</u>

<u>v. Experian</u>.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

CARLEEN AHERN

v.                                    3:01cv02313 (RNC)

TRANS UNION LLC
ZALE CORPORATION

D-6    Binding Instruction - Civil Liability for
       <u>Wilful Noncompliance.</u>

I instruct you that plaintiff has failed to prove that Trans Union willfully failed to comply

with the Act.  Therefore, you cannot award plaintiff punitive damages.

**Plaintiff's objection:**

Defendant violated statutory standards in many respects and was therefore negligent as a matter
of law. Punitive damages are a question for the jury. <u>Microsoft Corp. v. Bristol Technology, Inc</u>.,
250 F.2d 152  (2d Cir. 2001).

Plaintiff believes the facts will justify punitive damages. <u>Cushman v. Trans Union Corp.</u>, 115
F.3d 220, 227 (3d Cir. 1997)

7

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CARLEEN AHERN

v.                                          3:01cv02313 (RNC)

TRANS UNION LLC
ZALE CORPORATION

D-7     Binding Instruction - Reasonable Procedures.

I instruct that you must find that plaintiff has not proven that Trans Union was negligent

in that its procedures and systems did not prevent the Zale account from posting to plaintiff's

credit file.    Therefore, you must find in favor of Trans Union and against plaintiff on plaintiff's

claim for a negligent violation of the Act.

**Plaintiff's objection:** Whether defendant was negligent in posting Coleman's Zale account to
plaintiff's file is a question for the jury. Soghomonian v. United States &Trans Union, 278 F
Supp. 2d 1151 (E.D. Cal. 2003); Crane v. Trans Union, LLC, 282 F. Supp. 2d 311 (E.D. Pa.
2003); Lawrence v. Trans Union LLC, 2003 WL 22992081 (E.D. Pa. Dec. 11, 2003); Evantash
v. G.E. Capital Mortgage Services &Trans Union, 2003 WL 22844198 (E. D. Pa. Nov. 25, 2003)

This instruction seems to be limited to violations of §1692e(b). Plaintiff finds order of the
instructions confusing, since they are interspersed with general instructions.

If the instruction is not limited to §1692e(b), plaintiff respectfully refers the Court to her request
for binding instructions that defendant did not comply with specific statutory standards and was
negligent as a matter of law.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CARLEEN AHERN

v.                                                          3:01cv02313 (RNC)

TRANS UNION LLC
ZALE CORPORATION

D-8     The Elements Of a Cause of Action Under
        The Act. (§1681i)(Reinvestigation)

      Plaintiff claims that she was injured as a result of Trans Union's negligent failure to make reasonable efforts to reinvestigate her dispute concerning the collection account, the address and the "also known as" notation.  The FCRA §1681i, Procedure in case of disputed accuracy, provides:

(a) **Reinvestigations of Disputed Information:**

    **(1) Reinvestigation Required:**

    **(A)** In general:   If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date ion which the agency receives the notice of the dispute from the consumer.

      After a consumer disputes information in her file a credit reporting agency must make a good faith effort to determine the accuracy of the disputed item or items.  At a minimum, it must check with the original source or other reliable sources of the disputed information and

9

inform them of the nature of the consumer's dispute.  The consumer must directly convey that dispute to the credit reporting agency.  In order to establish a cause of action against Trans Union under the Act, plaintiff must prove to the jury that:

(1)    Trans Union's file concerning plaintiff contained false or inaccurate information about her.

(a)    Plaintiff has the initial burden of proving that Trans Union's file concerning plaintiff contained inaccurate information about her.  If she fails to satisfy this initial burden, she has failed to establish the violation of the Act which she has alleged and you must find against him.  If plaintiff proves an inaccuracy was reported, then she must also prove that:

(2)    Trans Union was negligent in that its reinvestigation was inadequate or it failed to conduct a reasonable reinvestigation of plaintiff's disputes.

(b)    The standard for measuring Trans Union's actions is "what a reasonably prudent person would do under the circumstances."  To evaluate the reasonableness of Trans Union's reinvestigation you should balance the cost of verifying the source of the information against the possible harm the inaccurately reported information may cause the consumer.

(c)    The Act, however, does not make Trans Union strictly, or automatically, liable.  You must find in favor of Trans Union if plaintiff does not prove that Trans Union failed to conduct a reasonable reinvestigation or if Trans Union established that its reinvestigation procedures were proper and reasonable under the circumstances but could not immediately determine that the Zale account actually belonged to the fraud perpetrator.

It is not disputed in this case that Trans Union promptly responded to plaintiff's disputes and provided responses and the results of Trans Union's reinvestigations plaintiff at her

10

address.  Further, it is undisputed that the Zale account was not reported to a third party after the

dispute and she was not ever denied credit, employment or insurance as a result of the

appearance of the account.  You must determine whether Trans Union should have discovered

that Coleman fraudulently used plaintiff's social security number, although Zale, the source of

the information, did not have notice of the fraud.   You must then balance the burden and cost to

Trans Union of discovering the fraud and further or different reinvestigations against the harm, if

any, caused to plaintiff.

Again, bear in mind that damages for humiliation and mental distress will not be

presumed to have occurred.  Plaintiff must prove that they have occurred.   Plaintiff must prove

by a preponderance of the evidence that any damages incurred were caused by acts or omissions

of Trans Union which were not in compliance with the Act as opposed to the conduct of others

including the criminal.

The term "proximate cause" in these instructions means that there must be a connection

between the conduct of Trans Union and the injury complained of by plaintiff, and that the act

which is claimed to have produced the injury was the natural and probable result of Trans

Union's conduct.

**(Sources:  Podell v. Citicorp, 112 F.3d 98, 105 (2d Cir.
1997); Wilson v. Rental Research, 165 F.2d 642, 648 (8th Cir.
1999); Henson v. CSC Credit Services,  29 F.3d 280, 286, (7th
Cir. 1994)  Cahlin v. General Motors Acceptance Corporation,
936 F.2d 1151, 1160 (11th Cir. 1991);  Wiggins v. Equifax, 848
F.Supp. 213, 220 (D.C.D.C. 1993) Federal Trade Commission
Commentary on the FCRA, 16 C.F.R. Part 600, App. 611(2).**

**Plaintiff's Objection:** The proposal misstates the law and the facts, and improperly asks the
Court to provide and/ or marshal the facts for the jury. For instance, ¶ 1 claims plaintiff's case is
based on investigation of one account. It is not so limited. Another paragraph begins "It is not
disputed in this case that Trans Union promptly responded . . ." In fact, Trans Union flouted the
statutory time frame for investigation. Likewise, the rest of the paragraph asserts that matters are
undisputed when they are in dispute.

11

Plaintiff's "initial burden" is simply a prima facie burden. The instructions need to be clarified because they erroneously imply that the burden does not shift to defendant even though defendant has exclusive knowledge and control over its own procedures.  Once plaintiff proves her prima facie case, the burden shifts to defendant to shown the reasonableness of its procedures. <u>Guimond v. Trans Union Credit Corporation</u>, 45 F.3d 1329, 1333 (9th Cir. 1995); <u>Philbin v. Trans Union Corp.</u>, 101 F.3d 957, 964-66, 968 (3d Cir. 1996); <u>Cahlin v. GMAC</u>, 936 F.2d 1151, 1156 (11th Cir. 1991); <u>Stewart v. Credit Bureau, Inc.</u>, 734 F.2d 47, 53 & n.7 (D.C. Cir. 1984); <u>Barron v. Trans Union Corp.</u>, 82 F. Supp. 2d 1288 (M.D. Ala. 2000).

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CARLEEN AHERN | |
| v. | 3:01cv02313 (RNC) |
| TRANS UNION LLC ZALE CORPORATION | |

D-9    Binding Instruction - Denial of or Delay in Application for Credit.

I instruct that you must find that plaintiff has not proven that she was denied credit as a result of inaccurate information reported by Trans Union.   I also instruct you that Plaintiff is not entitled to recover for damages for emotional distress or  pain and suffering simply because she knew of an inaccurate or even potentially damaging item in her Trans Union file.  This is so because her report was not furnished to third parties after October 21, 2001 in connection with a credit eligibility determination.  Therefore, you cannot find in  favor of  plaintiff on her claim for damages such as humiliation, "lost credit opportunity" or fear of disclosure of her Trans Union report.

**Casella v. Equifax and Trans Union Corp., 56 F.3rd 469, 475 (2nd Cir. 1995);**
**McMillan v. Experian, 170 F.Supp.2d 278, 284-5 (D.Conn. 2001);  Ladner vs.**
**Equifax, 828 F.Supp. 427, 432 (S.D.Miss. 1993); Watson v. Credit Bureau,**
**Inc., 660 F. Supp. 48, 50 (S.D. Miss. 1986).**

**Plaintiff's Objection:** The proposal misstates the law and the facts, and improperly asks the Court to provide and/ or marshal the facts for the jury. Sentences one and three are misleading because they misstate the Casella standard: proof of denial or view by a potential creditor is not a precondition to damages; and the persistently inaccurate file was seen after 12/11/99. Defendant's instruction is also redundant and duplicative of D-5.

13

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARLEEN AHERN<br><br>     v.<br><br>TRANS UNION LLC<br>ZALE CORPORATION | 3:01cv02313 (RNC) |

D-10   PUNITIVE DAMAGES

       The Act specifically limits punitive damages to circumstances where the violation of a requirement of the Act was "willful".  See 1681n, Civil Liability for Willful Noncompliance; "Willful", means a "voluntary and intentional failure to do something the law requires with a purpose to either disobey or disregard the law" **and** that a pattern of such activity be established.

       You must not award punitive damages unless you find that plaintiff has presented clear and convincing evidence that special and aggravating circumstances which demonstrate a pattern of the voluntary and intentional failure to do something the law requires, or to conceal something from plaintiff.  Meaning, you must find plaintiff proved that in connection with her single dispute or Trans Union's procedures, Trans Union's engaged in a course of conduct knowingly and intentionally in conscious disregard for her rights under the Act.

       Finally, you must consider the nature and reprehensibility of  Trans Union's wrongdoing, including, for example, the impact, if any, on plaintiff; Trans Union's awareness of the amount of harm being caused and Trans Union's motivation, if any, for causing same; and the duration of Trans Union's misconduct and whether Trans Union attempted to conceal such conduct.

Plaintiff's burden in connection with punitive damages is by clear and convincing evidence. This burden is stricter, higher degree of proof than "by a preponderance" which I described earlier. "Clear and Convincing" proof means proof which results in reasonable certainty of the truth of the ultimate fact in controversy; that is proof which requires more than a preponderance of the evidence. "Clear and convincing proof" will be shown where the truth of the facts asserted is highly probable.

**Casella v. Equifax and Trans Union Corp., 56 F.3rd 469, 476 (2nd Cir. 1995), cert. denied, 116 S. Ct. 1452 (1996); Philbin v. Trans Union Corporation et al., 101 F.3d 957, 970 (3rd Cir. 1996); Cousin v. Trans Union Corp., 246 F.3d 359, 371 (5th Cir. 2001), *cert denied*; Stevenson v. TRW, 987 F.2d 288 (1993); Bryant v. TRW, Inc., 487 F.Supp. 1234, 1239, (E.D.Mich, 1980), aff'd 689 F.2d 72 (6th Cir. 1982); Pinner vs. Schmidt, 805 F.2d 1258 (5th Cir. 1986), rehearing denied, 812 F.2d 1405, cert denied 107 S.Ct. 3267, 3276, 97 L.Ed.2d 766, 780; New York Times v. Sullivan, 376 U.S. 254, 279-280 (1964) Gertz v. Robert Welch, Inc., 418 U.S. 323, 342 (1974); Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 251-52, 106 S.Ct. 2505 (1986); Black's Law Dictionary, Sixth Edition.**

**Plaintiff's Objection:** The proposal misstates the law and the facts (this was not a single dispute, for instance), and improperly asks the Court to provide and/ or marshal the facts for the jury.

Plaintiff knows of no requirement that "a pattern of activity be established." If there is such a requirement, defendant must withdraw its objection to plaintiff's request (in her jury instructions) that the Court take judicial notice of public material showing this pattern.

The proposed instruction misstates the burden of proof. There is no requirement of proof by "clear and convincing" evidence. Preponderance of the evidence is the normal standard, absent Congressional determination to the contrary. E.g., S & S Tobacco & Candy Co. v. The Stop & Shop Companies, Inc., 815 F.Supp.2d 65 (D. Conn. 1992)

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CARLEEN AHERN

v.                                                    3:01cv02313 (RNC)

TRANS UNION LLC
ZALE CORPORATION

D-11   Binding Instruction - Civil Liability for
       <u>Willful Noncompliance.</u>

         I instruct you that plaintiff has failed to prove that Trans Union willfully failed to comply

with the Act.  Therefore, you cannot award plaintiff punitive damages.

**Plaintiff's objections:** Duplicates D-6

Defendant violated statutory standards in many respects and was therefore negligent as a matter
of law. Punitive damages are a question for the jury. <u>Microsoft Corp. v. Bristol Technology, Inc</u>.,
250 F.2d 152  (2d Cir. 2001).

Plaintiff believes the facts will justify punitive damages. <u>Cushman v. Trans Union Corp.</u>, 115
F.3d 220, 227 (3d Cir. 1997)

16

Respectfully submitted,

_____
BRUCE S. LUCKMAN {CT.# 10830}
SATZBERG, TRICHON
 & KOGAN, P.C.
1818 Market Street, 30th Floor
Philadelphia, PA  19103
(215)  575-7600/fax (215) 575-7688
Attorneys for Defendant
TRANS UNION LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

CARLEEN AHERN

      v.

3:01cv02313 (RNC)

TRANS UNION LLC
ZALE CORPORATION

**CERTIFICATE OF SERVICE**

     Bruce S. Luckman, Esq. hereby certifies that he caused a true and correct copy of the foregoing Trans Union's Proposed Pretrial Order, Voir Dire Questions and Jury Instructions, to be sent *via* telecopier and United States overnight mail, on this date, to the following:

> Joanne S. Faulkner, Esq.
> 123 Avon St.
> New Haven, CT 06511-2422
> (203) 772-0395
> *Counsel for Plaintiff*

_____
BRUCE S. LUCKMAN

18