UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARLEEN AHERN

v.

TRANS UNION LLC
ZALE CORPORATION

301cv02313 (DJS)
DATED: September 3, 2004

## TRANS UNION LLC'S MOTIONS IN LIMINE
## REGARDING ANTICIPATED EVIDENTIARY PROBLEMS

Trans Union anticipates the following Evidentiary Problems:

(A) Trans Union anticipates that plaintiff will attempt to testify that she was denied credit and why such credit was denied. Such testimony is inadmissible hearsay. Philbin v. Trans Union Corp., 101 F.3d 957, 961, fn. 1 (3rd Cir. 1996); Federal Rule of Evidence 801 and 802 **(No documents or witnesses identified)**

(B) Plaintiff should be precluded from presenting documents, testimony, or witnesses relating to damages which occurred before the date plaintiff disputed the Zale account to Trans Union. It is not disputed that Trans Union was *not* notified that plaintiff disputed the Zale account until October 2001. Therefore, documents and evidence relating to transactions or events which allegedly occurred prior to that date are irrelevant and should be barred at trial. (See discussion of Casella and Whelan, *supra*) Also, such testimony is hearsay, irrelevant and likely to only confuse the jury. Federal Rules of Evidence 401, 402, 403, 801 and 802. **(No documents or witnesses identified)**

(C) Plaintiff should be precluded from testifying that she was either upset by her review of a disclosure report which Trans Union was required to furnish to her; that she was denied credit opportunities; or that she was afraid to apply for credit. Casella, *supra*, and McMillan v. Experian, 170 F.Supp.2d 278, 284-5 (D.Conn. 2001)(Arterton, J) Such testimony is hearsay, irrelevant and likely to only confuse the jury. Federal Rules of Evidence 401, 402, 403, 801 and 802. **(No documents or witnesses identified)**

(D) Plaintiff should be precluded from presenting any testimony respecting emotional distress. See Cousin v. Trans Union Corp., 246 F.3d 359, 371 (5th Cir. 2001), *citing* Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978);

Memphis Community School District v. Stachura, 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986); Patterson v. P.H.P. Healthcare Corp., 90 F.3d 927 (5th Cir.1996), *cert. denied,* 519 U.S. 1091, 117 S.Ct. 767, 136 L.Ed.2d 713 (1997); Forshee v. Waterloo Industries, Inc., 178 F.3d 527, 531 (8th Cir. 1999) The FCRA Contains no presumed damages for a negligent violation[1] and no authority to award nominal damages for a negligent violation. (See also, Gunby v. Pennsylvania Electric Co., 840 F.2d 1108 (3rd Cir.1988)

The only evidence that Plaintiff was harmed will be her own self-serving, conclusory testimony that she was embarrassed or distressed, which "emotions" are not connected to a credit denial. Plaintiff denies medical treatment, there is no medical testimony, or a scintilla of evidence to corroborate her claim. Plaintiff's first attempt identify lay witnesses to support her emotional distress claims is the instant joint trial memorandum. Plaintiff refused to answer Trans Union's Interrogatory respecting "persons with knowledge of the allegations in the Complaint" and failed to identify any such persons in an Initial Disclosure. The new witnesses were identified over the two days the parties drafted the instant order. Trans Union is unfairly prejudiced by the late identification and attempt at trial by ambush. Plaintiff's assertions are insufficient to meet the burden of proof in this FCRA action and Plaintiff should be precluded from presenting evidence or testimony relating to her emotional distress claims. Federal Rules of Evidence 401, 402, 403, 801 and 802. **(No Exhibits; Newly (or yet to be) Identified Witnesses, including Frank Blois [Husband]; Catherine Ahern [Mother]; Katherine Ahern [Sister]; Mecca [(co-worker]; Bonito [cousin]; "To be identified" [unidentified "co-workers"]**

(E)     Plaintiff should be precluded from testifying about her communications with the Credit Bureau of Connecticut or the Connecticut State Police, all of which predate her disputes to Trans Union and are entirely irrelevant and unrelated to her claim against Trans Union and hearsay to the extent plaintiff may seek to relay what others said to her. Moreover, the jury may be unnecessarily confused by references to the Connecticut Credit Bureau, which was separate from Trans Union at the time, but later purchased by

---

[1] The FCRA is one of several components of the Consumer Protection Act in Title 15. In the Fair Debt Collection Practices Act, 15 U.S.C. §1691 *et seq.*, (the "FDCPA") the Congress expressly provided for presumed damages for "failure to comply" with the FDCPA. §1691e(b). Clearly, the Congress knew how to include presumed damages in Title 15 and chose not to do so in the FCRA.

Trans Union. Plaintiff has not identified any documents which are competent to establish a legal connection between the Connecticut Credit Bureau and Trans Union. Plaintiff's first attempt to identify a witness is this Joint Trial Memorandum. Plaintiff refused to answer Trans Union's Interrogatory respecting "persons with knowledge of the allegations in the Complaint" and failed to identify any such persons in an Initial Disclosure. Trans Union will be unfairly prejudiced and potentially forced to bring in additional witnesses to explain and distinguish the entities, all in connection with irrelevant matters which pre-date Trans Union's involvement with plaintiff and her credit file. Federal Rules of Evidence 401, 402, 403, 801 and 802. **(Exhibits 1, 2, 3, 4 and 5; Witness: Richard Capobianco)**

(F) Plaintiff should be precluded from submitting documents or testimony respecting irrelevant and outdated Consent order and irrelevant newspaper articles respecting unrelated trials in which Trans Union was a party. Federal Rules of Evidence 401, 402, 403, 801 and 802. **(Exhibits 21, 22 and 23; No Witness)**

(G) Plaintiff should be precluded from presenting testimony (or documents) respecting her erroneous contention that Trans Union violated the FCRA by not sending her dispute letter to credit grantors as part of the reinvestigation process, particularly where there is no evidence any alleged attachment would have impacted the reinvestigation process. Federal Rules of Evidence 401, 402, 403, 801 and 802. **(No Exhibits; No Witness)**

(H) Plaintiff should be precluded from presenting testimony or argument respecting her erroneous and irrelevant contention that Trans Union's procedure of "cloaking" accounts somehow violates the FCRA. Federal Rules of Evidence 401, 402 403, 801 and 802. **(No Exhibits; No Witness)**

(I) Plaintiff should be precluded from testifying, presenting documents or arguing that particular Trans Union employees are currently employed. The subject employees are located in California and their depositions were not sought by plaintiff. Trans Union has chosen not to call the employees, but instead their managers, who will also explain Trans Union's general business and procedures. It is anticipated that plaintiff will improperly seek to argue that Trans Union has "failed" to present the persons at trial. Trans Union has no duty to produce the witnesses and plaintiff is not entitled to an instruction or inference regarding the fact that the witnesses will not be called. Such

testimony is irrelevant and likely to only confuse the jury. Federal Rules of Evidence 401, 402, 403. **(No documents or witnesses identified)**

  (J)  Trans Union objects to plaintiff's identification of trial counsel, Bruce Luckman, as a potential witness. Luckman was not previously identified and, in any event, is not competent to testify regarding the suggested topics. Further, neither Luckman nor the unidentified Trans Union witness(es) are competent to testify respecting the information received by unidentified third parties. Plaintiff fails to identify the third parties or the dates of the alleged events. Trans Union does not keep copies of the information sent to third parties. Also, third party lenders often filter the information through internal software which transforms the Trans Union information to suit the particular needs of the lender – the reader may only view a denial or approval. What the lender (or more likely its computer lending software) actually "sees" is not know to Trans Union. Federal Rules of Evidence 401, 402, 403, 801 and 802.

Respectfully Submitted,

_____ 9.7.04
BRUCE S. LUCKMAN (ct 10830)
SATZBERG, TRICHON,
  KOGAN & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-688

*Local Counsel:*
Ira W. Bloom, Esq. (ct 07629)
WAKE, SEE, DIMES & BRYNICZKA
27 Imperial Ave., P.O. Box 777
Westport, CT 06881-0777
(203) 227-9545; Fax: (203) 226-1641
email: ibloom@wsdb.com
*Counsel for Defendant, Trans Union LLC*